# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**
ex rel. TODD HEATH,
        Plaintiff/Relator,

    v.                                                          Case No. 08-CV-00724

**WISCONSIN BELL, INC.,**
        Defendant.

---

## DECISION AND ORDER

Relator Todd Heath, a consultant who audits telecommunications bills for several school districts, brings this action on behalf of the United States pursuant to the *qui tam* provision of the False Claims Act ("FCA"), 31 U.S.C. § 3730(b). Heath alleges that defendant, Wisconsin Bell, Inc., fraudulently obtained government subsidies by falsely certifying that it was providing telecommunications services to schools and libraries at the lowest rate charged to similarly situated customers (the "lowest corresponding price" or "LCP"). *See* 47 C.F.R. § 54.511(b). The United States has declined to exercise its option to intervene in this action. Heath continues to litigate the claim as the relator, as is his right. Before me now are defendant's motions to dismiss the amended complaint for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted and for untimeliness.

The relevant facts are as follows: Defendant is a common carrier that has received subsidies under the Education Rate ("E-Rate") Program. The E-Rate program was created by the Telecommunications Act of 1996 and provides subsidies to common carriers who

provide telecommunications services, including telephone and internet services, to schools and libraries in need. Under the program, the federal government covers up to 90% of the costs of an institution's telecommunications services by making payments directly to the common carrier providing the services. To receive a subsidy, the common carrier must certify that it is charging the school or library the LCP.

Heath claims that defendant falsely certified that it charged the LCP to one or more of the schools that he audits. He alleges that defendant charged higher rates to his clients than it charged state entities under an agreement, the Voice Network Services ("VNS") Agreement, that it entered into with the Wisconsin Department of Administration ("DOA"). Heath accessed the VNS Agreement on the DOA's website and obtained a copy of it through a request to the DOA.

The basis for defendant's motion to dismiss for lack of subject matter jurisdiction, brought pursuant to Fed. R. Civ. P. 12(b)(1), is the FCA's public disclosure bar. The FCA authorizes an individual acting as a relator to bring a civil action on behalf of the United States to remedy a fraudulent claim for payment, but bars courts from exercising jurisdiction over relator actions "based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation . . . unless . . . the person bringing the action is an original source of the information." 31 U.S.C. § 3730(e)(4)(A).[1] In barring actions based on publicly disclosed information, Congress's

---

[1] After this case was filed, the Patient Protection and Affordable Care Act, Pub. L. No. 111-148, 124 Stat. 119, amended § 3730(e)(4)(A), but the amendment is not applicable to pending cases. *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 130 S. Ct. 1396, 1400 n.1 (2010). Therefore, I refer to the statute as it existed in 2008

goal was to allow "whistle-blowing insiders with genuinely valuable information" to bring actions, but bar "opportunistic plaintiffs who have no significant information to contribute of their own." *Graham Cnty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 130 S. Ct. 1396, 1407–06 (2010). In determining whether I have subject matter jurisdiction, I may consider both the allegations in the amended complaint and evidence submitted by the parties. *United Phosphorous Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003) (en banc).

To determine whether the public disclosure bar applies to the present action, I ask first whether the information concerning defendant's alleged fraud was in the public domain such that it put "the Federal Government on notice of a potential fraud." *See Graham Cnty.*, 130 S. Ct. at 1404; *see also Glaser v. Wound Care Consultants, Inc.*, 570 F.3d 907, 913 (7th Cir. 2009) (noting that a public disclosure occurs when "the critical elements exposing the transaction as fraudulent are placed in the public domain"). In the present case, defendant's alleged fraud was publicly disclosed when the DOA posted the VNS Agreement to its website and provided Heath with a copy of it. Each of these publications of the agreement constituted an "administrative report" under the FCA. *See Graham Cnty.*, 130 S. Ct. at 1400 (holding that the reference to "administrative report" in the FCA "encompasses disclosures made in state and local sources as well as federal sources"); *see also Schindler Elevator Corp. v. U.S.*, 131 S. Ct. 1885 (2011) (holding that a written response to a Freedom of Information Act request constituted an "administrative report" under the FCA)*; United States ex rel. Nowak v. Medtronic, Inc.*, 806 F. Supp. 2d 310, 328

---

when this action was filed.

(D. Mass. 2011) (finding publication on the Food and Drug Administration's website was a public disclosure). And the VNS Agreement put the federal government on notice of potential fraud because it indicated that defendant was not offering E-Rate Program participants its lowest rates. The government was already aware of the rates defendant was charging E-Rate Program participants because it was paying a percentage of those rates. Therefore, access to the VNS Agreement was sufficient to put the government on notice of defendant's alleged fraud.

I ask next whether Heath's action is "based upon" the public disclosure. A relator's allegation is "based upon" a public disclosure if "the allegations in the complaint are substantially similar to the allegations in the public domain." *Glaser*, 570 F.3d at 910. Heath's allegation is obviously based upon the VNS Agreement because he relies on the agreement to establish that defendant was not offering the LCP. Heath argues that his action is also based upon information he learned about defendant's rates while working as a consultant. However, this argument fails because the question is how Heath discovered defendant was not offering his clients the lowest rate available, and the answer is that Heath made this discovery by reviewing the VNS Agreement.

Even though I have determined that Heath's action was based on publicly disclosed information, Heath can still survive defendant's motion if he can establish that he was the original source of the information. To be considered an "original source," a relator must prove he or she is "someone who would have learned of the allegation or transactions independently of the public disclosure." *Id.* at 921 (*quoting U.S. v. Bank of Farmington*, 166 F.3d 853, 865 (7th Cir. 1999)). Heath admits he learned about the rates listed in the VNS

4

Agreement from the DOA's website and its response to his request for information. As a result, his claim is based on publicly disclosed information of which he is not an original source, and the FCA's public disclosure bar applies to the present action.

Because relator's claim is subject to the public disclosure bar, I must dismiss this case for lack of subject matter jurisdiction. Since I find this court lacks jurisdiction, I need not address defendant's argument that the complaint fails to state a claim under Fed. R. Civ. P. 12(b)(6) or that the statute of limitations has expired.

**THEREFORE, IT IS ORDERED** that relator's motion for leave to file supplemental authority [DOCKET #82] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the amended complaint [DOCKET #68] is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 18th day of September 2012.

                                                  s/ Lynn Adelman
                                                  _____
                                                  LYNN ADELMAN
                                                  District Judge