**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>**ex rel. TODD HEATH**, | |
| *Plaintiff-Relator*, | Civil Case No. 2:08-CV-00876-LA<br>(Lead Case No. 2:08-CV-00724-LA) |
| **v.** | Judge Lynn Adelman |
| **WISCONSIN BELL, INC.**, | |
| *Defendant*. | |

**DEFENDANT WISCONSIN BELL, INC.'S ANSWER AND DEFENSES
TO THE SECOND AMENDED COMPLAINT OF
RELATOR TODD HEATH**

Defendant Wisconsin Bell, Inc. ("Wisconsin Bell") answers the Second Amended Complaint ("Complaint") of Relator Todd Heath ("Relator") as follows:

**GENERAL DENIAL**

Wisconsin Bell denies any and all liability under the False Claims Act. In addition, a number of allegations in the Complaint state legal conclusions that do not require a response; to the extent that any response is required, Wisconsin Bell denies these allegations. Finally, the Complaint contains several headings that do not require a response. To the extent that a response is required, Wisconsin Bell denies any allegations in the headings.

**SPECIFIC RESPONSES**

Wisconsin Bell answers as follows regarding the individual numbered paragraphs of the Complaint:

**"I.     NATURE OF THE CASE"**

1.     Paragraph 1 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 1, except that it

refs to the cited statute, which speaks for itself.

2. Wisconsin Bell lacks sufficient knowledge or information to admit or deny the allegations in the first, fourth, and fifth sentences of Paragraph 2. The remaining allegations state conclusions of law, to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 2.

3. Paragraph 3 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 3, except that it refers to the cited regulations and FCC order, which speak for themselves.

4. Paragraph 4 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 4.

### "II.     THE PARTIES"

5. Wisconsin Bell lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 5 pertaining to Relator. Paragraph 5 also states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 5.

6. Wisconsin Bell admits that it is incorporated under the laws of the state of Wisconsin and maintains its corporate headquarters and principal place of business at 722 North Broadway, Milwaukee, Wisconsin.

### "III.     SOURCE AND SCOPE OF RELATOR'S ALLEGATIONS"

7. Wisconsin Bell denies the allegations in the first two sentences of Paragraph 7. Wisconsin Bell lacks sufficient knowledge or information to admit or deny the allegations in the third sentence of Paragraph 7. Wisconsin Bell admits that Relator filed the Complaint, which speaks for itself. Except as expressly admitted, to the extent a response is required, Wisconsin

2

Bell denies each and every allegation in Paragraph 7.

## "IV.     JURISDICTION AND VENUE"

8.      Paragraph 8 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 8, except that it refers to the cited statutes, which speak for themselves.

9.      Paragraph 9 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell admits that it is incorporated under the laws of the state of Wisconsin and that it transacts business in the state of Wisconsin, including offering telecommunications services to public schools and libraries located within the state.  Except as expressly admitted, to the extent a response is required, Wisconsin Bell denies each and every allegation in Paragraph 9.

10.      Paragraph 10 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell admits that it is incorporated under the laws of the state of Wisconsin, and that it transacts business in and maintains its corporate headquarters in the Eastern District of Wisconsin.  Except as expressly admitted, to the extent a response is required, Wisconsin Bell denies each and every allegation in Paragraph 10.

## "V.     FRAUDULENT CONCEALMENT –
## TOLLING OF THE STATUTE OF LIMTIATIONS"

11.      Paragraph 11 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 11.

12.      Paragraph 12 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 12.

13.      Paragraph 13 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 13.

3

14. Paragraph 14 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 14.

15. Paragraph 15 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 15.

16. Paragraph 16 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 16.

## "VI. AGENCY ALLEGATIONS"

17. Paragraph 17 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 17.

## "VII. SUBSTANTIVE ALLEGATIONS"

### "A. The Telecommunications Act of 1996"

18. Paragraph 18 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 18, except that it refers to the cited statute, which speaks for itself.

19. Paragraph 19 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 19, except that it refers to the cited statute and regulations, which speak for themselves.

20. Paragraph 20 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 20, except that it refers to the cited statute, regulations, and FCC order, which speak for themselves.

21. Paragraph 21 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 21, except that it refers to the cited FCC order, which speaks for itself.

4

22.     Paragraph 22 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 22, except that it refers to the cited statute and FCC order, which speak for themselves.

23.     Paragraph 23 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 23, except that it refers to the cited statute and FCC order, which speak for themselves.

24.     Paragraph 24 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 24, except that it refers to the cited statute and regulations, which speak for themselves.

**"B.     The E-Rate Program"**

25.     Paragraph 25 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations contained in Paragraph 25, except it admits that the E-Rate program, which is fully funded by private contributions from interstate telecommunications carriers, exists and some schools and libraries are eligible to receive E-Rate funds.

26.     Paragraph 26 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations contained in Paragraph 26, except it admits that the E-Rate program, which is fully funded by private contributions from interstate telecommunications carriers, exists and some schools and libraries are eligible to receive E-Rate funds.

27.     Paragraph 27 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations contained in Paragraph 27, except it admits that the E-Rate program, which is fully funded by private contributions from

5

interstate telecommunications carriers, exists and some schools and libraries are eligible to receive E-Rate funds.

28. Paragraph 28 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations contained in Paragraph 28, except it admits that the E-Rate program exists, some schools and libraries are eligible to receive E-Rate funds, and some telecommunications carriers receive E-Rate reimbursements.

**"C. Pricing Under the E-Rate Program"**

29. Paragraph 29 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 29.

30. Paragraph 30 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 30, except that it refers to the cited regulations, which speak for themselves.

31. Paragraph 31 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 31, except that it refers to the cited regulations and FCC order, which speak for themselves.

32. Paragraph 32 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 32.

**"D. Wisconsin Bell's Failure to Offer LCP"**

33. Paragraph 33 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 33, except that it admits that it offers telecommunications services to schools and libraries in the state of Wisconsin that are eligible for E-Rate funds, and has done so for years, that it sells millions of dollars of telecommunications products and services to schools and libraries in the state that are eligible for

E-Rate funds, and that it began receiving E-Rate reimbursements in 1998 and, between 1998 and the date of the Complaint, it received approximately $78,000,000 in E-Rate reimbursements.

34. Paragraph 34 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 34, except that it admits that it previously requested that Relator communicate with its outside counsel at Bevan, Mosca, Giuditta & Zarillo, PC, and refers to the cited documents and correspondences between Relator and Bevan, Mosca, Giuditta & Zarillo, PC, which speak for themselves.

35. Paragraph 35 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 35.

36. Paragraph 36 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 36.

37. Paragraph 37 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 37, except that it admits that it offered rates to some school districts on an individual case basis, and it provided telecommunications services to the Fond du Lac School District, Burlington Area School District, Grafton School District, Cudahy School District, and Altoona School District. Wisconsin Bell also admits that the prices it charged to school districts eligible for E-Rate funds were consistent with its reasonable interpretation of relevant federal regulations and are specified, along with other terms and conditions, in the contracts between Wisconsin Bell and those school districts and refers to those documents, which speak for themselves.

"**E.** **Wisconsin Bell's VNS Agreements as One Measure of LCP**"

38. Paragraph 38 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 38, except that it

7

admits that it negotiated with the State of Wisconsin Department of Administration ("DOA") and entered into or extended Voice Network Services Agreements with the DOA in 1999, 2006, and 2011, and that it submitted a proposal to the DOA in response to the DOA's Request for Proposals dated July 1, 2005, and refers to those documents, which speak for themselves.

39. Paragraph 39 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 39, except that it refers to the cited documents, which speak for themselves.

40. Paragraph 40 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 40, except that it refers to the cited documents, which speak for themselves.

41. Paragraph 41 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 41.

42. Paragraph 42 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 42, except that it admits that the prices it charged to school districts eligible for E-Rate funds were consistent with its reasonable interpretation of relevant federal regulations and are specified, along with other terms and conditions, in the contracts between Wisconsin Bell and those school districts and refers to those and the other cited documents, which speak for themselves.

43. Paragraph 43 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 43, except that it refers to the cited document, which speaks for itself, and admits that it provided telecommunications services to the Milwaukee School District, West Bend Joint School District 1, and Sheboygan Area School District. Wisconsin Bell also admits that the prices it charged to

8

school districts eligible for E-Rate funds were consistent with its reasonable interpretation of relevant federal regulations and are specified, along with other terms and conditions, in the contracts between Wisconsin Bell and those school districts and refers to those documents, which speak for themselves.

44. Paragraph 44 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 44, except that it refers to the cited document, which speaks for itself and was publicly available and accessible via the state of Wisconsin's official website. Wisconsin Bell lacks sufficient knowledge or information to admit or deny the allegations in the fourth sentence of Paragraph 44 pertaining to Relator and therefore denies each and every allegation relating to the same.

45. Paragraph 45 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 45, except that it refers to the cited document, which speaks for itself.

46. Paragraph 46 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 46. Further, Wisconsin Bell lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 46 and therefore denies each and every allegation relating to the same.

47. Paragraph 47 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 47, except that it refers to the cited documents, which speak for themselves, and admits that it provided telecommunications services to the Fond du Lac School District, Hartford Joint School District 1, Kaukauna School District, Kimberly Area School District, and the West Bend Joint School District 1. Wisconsin Bell also admits that the prices it charged to school districts eligible for E-

9

Rate funds were consistent with its reasonable interpretation of relevant federal regulations and are specified, along with other terms and conditions, in the contracts between Wisconsin Bell and those school districts and refers to those documents, which speak for themselves

48. Paragraph 48 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 48, except that it refers to the cited documents, which speak for themselves, and admits that it provided telecommunications services to Hartford Joint School District 1, Kaukauna School District, West Bend Joint School District 1, Fond du Lac School District, and Kimberly School District. Wisconsin Bell also admits that the prices it charged to school districts eligible for E-Rate funds were consistent with its reasonable interpretation of relevant federal regulations and are specified, along with other terms and conditions, in the contracts between Wisconsin Bell and those school districts and refers to those documents, which speak for themselves. Wisconsin Bell also admits that, in July 2009, it received a subpoena duces tecum from the Federal Communications Commission Office of Inspector General, the Department of Justice Civil Division, and the United States Attorney for the Eastern District of Wisconsin, to which Wisconsin Bell responded, and they declined to intervene in this matter after concluding their investigation.

49. Paragraph 49 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 49. Further, Wisconsin Bell lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 49 pertaining to Relator and therefore denies each and every allegation relating to the same.

**"F.    Wisconsin Bell's False Certifications"**

50. Paragraph 50 states conclusions of law to which no response is required. To the

10

extent a response is required, Wisconsin Bell denies the allegations in Paragraph 50.

51. Paragraph 51 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 51.

52. Paragraph 52 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 52.

53. Paragraph 53 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 53.

54. Paragraph 54 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 54.

55. Paragraph 55 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 55, except that it refers to the cited document, which speaks for itself.

56. Paragraph 56 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 56, except that it refers to the cited document, which speaks for itself.

57. Wisconsin Bell denies the allegations in Paragraph 57, except that it admits that, consistent with its reasonable interpretation of relevant federal regulations, it has completed FCC Form 473 for every year that it was an E-Rate provider and it has completed FCC Form 474 for each request it made for E-Rate reimbursement.

58. Paragraph 58 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 58, except that it refers to the cited document, which speaks for itself.

59. Paragraph 59 states conclusions of law to which no response is required. To the

extent a response is required, Wisconsin Bell denies the allegations in Paragraph 59, except that it refers to the cited document, which speaks for itself.

60. Paragraph 60 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 60.

61. Paragraph 61 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 61.

62. Paragraph 62 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 62.

63. Paragraph 63 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 63.

64. Paragraph 64 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 64, except that it refers to the cited document, which speaks for itself.

65. Paragraph 65 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 65, except that it refers to the cited document, which speaks for itself.

66. Paragraph 66 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 66.

67. Paragraph 67 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 67.

"**G.    USAC Acts as an Agent of the United States When Administering E-Rate**"

68. Paragraph 68 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 68.

69.     Paragraph 69 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 69, except that it refers to the cited regulations, which speak for themselves.

70.     Paragraph 70 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 70, except that it refers to the cited regulations, which speak for themselves.

71.     Paragraph 71 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell lacks sufficient knowledge or information to admit or deny the allegations pertaining to fees charged by other telecommunications carriers, and on that basis denies each and every allegation relating to the same.  Wisconsin Bell admits that it has, at times and under circumstances consistent with its reasonable interpretation of relevant federal regulations, included a line item on bills sent to some of its customers for recovery of its universal service contributions.

72.     Paragraph 72 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 72, except that it refers to the cited regulations, which speak for themselves.

73.     Paragraph 73 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 73, except that it refers to the cited regulations, which speak for themselves.

74.     Paragraph 74 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 74, except that it refers to the cited regulations, which speak for themselves.

75.     Paragraph 75 states conclusions of law to which no response is required.  To the

extent a response is required, Wisconsin Bell denies the allegations in Paragraph 75, except that it refers to the cited regulations, which speak for themselves.

76. Paragraph 76 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 76, except that it refers to the cited regulations, which speak for themselves.

77. Paragraph 77 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 77, except that it refers to the cited regulations, which speak for themselves.

78. Paragraph 78 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 78.

79. Paragraph 79 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 79.

80. Paragraph 80 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 80.

## "VIII. DAMAGES AND CIVIL PENALTIES"

81. Paragraph 81 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 81.

## "COUNT I"
### "United States False Claims Act"

82. Responding to Paragraph 82, Wisconsin Bell incorporates by reference its responses to the preceding paragraphs as if fully set forth herein.

83. Paragraph 83 states conclusions of law to which no response is required. To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 83.

84. Paragraph 84 states conclusions of law to which no response is required. To the

14

extent a response is required, Wisconsin Bell denies the allegations in Paragraph 84.

85.     Paragraph 85 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 85.

86.     Paragraph 86 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 86.

87.     Paragraph 87 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 87.

88.     Paragraph 88 states conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations in Paragraph 88.

## "PRAYER FOR RELIEF"

The allegations set forth in Relator's prayer for relief state conclusions of law to which no response is required.  To the extent a response is required, Wisconsin Bell denies the allegations contained in the prayer for relief, denies that Relator is entitled to any relief, and requests that Relator take nothing in this suit and that this matter be dismissed with prejudice, with costs and fees awarded to Wisconsin Bell.

## "JURY TRIAL DEMAND"

Wisconsin Bell demands a trial by jury for all claims so triable.

## WISCONSIN BELL'S SEPARATE AND ADDITIONAL DEFENSES

Without assuming the burden of proof on any matters that would otherwise rest with Relator, and expressly denying any and all wrongdoing, Wisconsin Bell alleges the following additional reasons why Relator is not entitled to any relief:

1.     The Court lacks subject matter jurisdiction.

2.     Relator's claims are barred on the basis of the False Claim Act's public disclosure

15

bar.

3. The Complaint fails to state a claim upon which relief can be granted.

4. Relator's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Relator's claims are barred because, even if Relator's allegations are true (which Wisconsin Bell denies, as set forth above), Relator fails to allege any claim that was false or fraudulent for purposes of the False Claims Act.

6. Relator's claims are barred because Wisconsin Bell acted reasonably and in good faith and did not knowingly submit any false claim.

7. Relator's claims are barred, in whole or in part, for lack of materiality.

8. Relator's claims are barred by the fact that neither the United States nor Relator has suffered any actual injury.

9. Relator's claims fail under the False Claims Act because the alleged conduct is not unlawful under the Telecommunications Act of 1996 or any regulations, or the conduct is exempt from or not subject to federal regulation, in whole or in part, because it does not involve or affect interstate commerce.

10. Relator's claims are barred, in whole or in part, on superseding or intervening causes arising from the acts or omissions of parties other than Wisconsin Bell, and the damages alleged by Relator were not proximately or otherwise caused by any act, omission, or other conduct of Wisconsin Bell.

11. Relator's claims are barred, in whole or in part, to the extent they seek to impose upon Wisconsin Bell obligations that are inconsistent with, or in excess of, those imposed by existing law and regulation in effect during the time period of the events alleged in the Complaint.

16

12. Relator's claims are barred, in whole or in part, because Wisconsin Bell's actions were privileged, justified, or excused.

13. Relator's claims are barred, in whole or in part, on public policy grounds.

14. Wisconsin Bell is not liable for any acts or omissions undertaken by or at the direction or sufferance of any governmental authority.

15. Relator's claims are barred, in whole or in part, by the doctrine of waiver, estoppel and/or laches, as applied to Relator and/or the government.

16. Relator's claims are barred, in whole or in part, by the fact that the acts alleged in the Complaint were performed by individuals for whom Wisconsin Bell is not vicariously liable under the doctrine of *respondeat superior* or any other doctrine.

17. Relator's claims are barred, in whole or in part, to the extent the acts alleged were performed by individuals acting *ultra vires*.

18. The Complaint, to the extent it seeks exemplary, double, treble, or punitive damages, damages or penalties above and beyond actual damages, or any liability or damages based upon vague or ambiguous law, violates (a) the prohibition of ex post facto laws embodied in Article 1, Section 10 of the United States Constitution; (b) the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution; (c) the Takings Clause of the Fifth Amendment to the United States Constitution; and (d) the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

19. The Complaint fails to state a claim or set forth facts sufficient to support a claim for attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Wisconsin Bell denies that Relator is entitled to any relief whatsoever and respectfully requests: (a) Relator takes nothing by his action; (b) this Court dismiss Relator's claims with prejudice; (c) this Court assess costs and fees against Relator; and (d) this Court award Wisconsin Bell such other and further relief to which it may be justly entitled.

18

Dated:  February 12, 2016

Respectfully submitted,

/s/ Robert C. Walters
Robert  C. Walters
James C. Ho
Andrew P. LeGrand
Kyle Hawkins
GIBSON, DUNN & CRUTCHER LLP
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2900

Michael J. Gill
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone:  (312) 782-0600
Facsimile:  (312) 701-7711

Paul F. Linn
State Bar No. 1009685
MICHAEL BEST & FRIEDRICH LLP
100 East Wisconsin Avenue
Milwaukee, WI 53202-4108
Telephone:  (414) 225-6560
Facsimile:  (414) 277-0656

COUNSEL FOR DEFENDANT
WISCONSIN BELL, INC.