# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA
ex rel. TODD HEATH,

        Plaintiff/Relator,

v.

WISCONSIN BELL, INC.,

        Defendant.

Case No. 2:08-CV-000876-LA
(Lead Case No. 2:08-CV-00724-LA)

Judge Lynn Adelman

---

**DEFENDANT WISCONSIN BELL, INC.'S RESPONSES TO
PLAINTIFF/RELATOR'S FIRST SET OF REQUESTS FOR ADMISSION**

---

Defendant Wisconsin Bell, Inc. ("Wisconsin Bell"), by and through its counsel and pursuant to Federal Rules of Civil Procedure 26 and 36, hereby provides the following responses and objections to Relator Todd Heath's First Set of Requests for Admission (the "Requests" or "Requests to Admit").

**DEFINITIONS**

For purposes of Wisconsin Bell's Responses to the Requests, the terms "Wisconsin Bell's employees" or "its employees" shall mean employees of Wisconsin Bell as well as employees of Wisconsin Bell's affiliates performing services on behalf of Wisconsin Bell.

**GENERAL OBJECTIONS**

1.    Wisconsin Bell's responses are made solely for the purposes of this action. Wisconsin Bell intends no incidental or implied admissions by its responses and/or objections to these Requests. Furthermore, whether Wisconsin Bell answers part or all of any particular

Request is not intended and should not be construed as a waiver by Wisconsin Bell of any or all objections which may be applicable to such Request.

2. Wisconsin Bell's knowledge and, therefore, its responses to the Requests are based upon its ongoing investigation and discovery concerning the claims set forth in the Second Amended Complaint dated July 1, 2015, including the subjects contained in the Requests. Wisconsin Bell's responses to the Requests reflect the current status of its investigation into these matters, and Wisconsin Bell reserves the right to supplement, amend and/or modify its responses at any time based upon further investigation and discovery.

3. Wisconsin Bell objects to the Requests and accompanying "Instructions" and "Definitions" to the extent that they purport to impose additional requirements beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules.

4. Wisconsin Bell objects to the Requests and accompanying "Instructions" and "Definitions" to the extent that they contain terms that are overly broad, unduly burdensome, oppressive, vague, ambiguous, confusing, nonsensical or lacking in particularization.

5. Wisconsin Bell objects to the Requests to the extent that they seek information that is protected by the attorney-client privilege, the attorney work product doctrine, and/or other applicable privilege.

6. Wisconsin Bell objects to the Requests to the extent that they seek information that is beyond the possession, custody or control of Wisconsin Bell or to the extent they request information that is a matter of public record, in the possession of Relator, more properly obtained from another party, or otherwise available to Relator through a source other than Wisconsin Bell.

7. Wisconsin Bell objects to the Requests to the extent that they seek information concerning matters or issues beyond the allegations asserted in the Second Amended Complaint

dated July 1, 2015, on the grounds that such discovery is overbroad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case.

8. Wisconsin Bell objects to the Requests to the extent that they are not limited in time, and in particular, not limited to the time period relevant to this litigation, on the grounds that such discovery is overbroad, unduly burdensome, not relevant to the claims or defenses of any party, and not proportional to the needs of the case.

9. Wisconsin Bell objects to each Request to the extent that they call for a legal conclusion or expert opinion.

10. All of Wisconsin Bell's General Objections are incorporated into the Specific Objections and Responses set forth below as if repeated fully therein.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST TO ADMIT NO. 1**

1. Admit that you were aware of the LCP requirement of the E-Rate Program on or before January 1, 1998.

**Response:** Subject to and without waving its General Objections, Wisconsin Bell admits awareness of the LCP requirement of the E-Rate Program on or before January 1, 1998.

**REQUEST TO ADMIT NO. 2**

2. Admit that you did not provide any training related to the LCP requirement of the E-Rate Program to any of your employees prior to July 1, 2005.

**Response:** Wisconsin Bell objects to this Request on the ground that it is premature at this stage of discovery. Subject to and without waving its General or Specific Objections, Wisconsin Bell states that following a reasonable inquiry, but because many of its employees during the period prior to 2005 are no longer within Wisconsin Bell's control and its document

3

collection and review have yet to be completed, Wisconsin Bell lacks knowledge or information sufficient to admit or deny, at this time, whether it had a formal training program for its employees prior to January 1, 2005 pertaining to the LCP requirement. Further responding, Wisconsin Bell admits that the USAC E-Rate training materials available on the USAC website prior to January 1, 2005, which were available to its employees and which were used in connection with developing training materials for its employees, did not contain information pertaining to the LCP requirement. Wisconsin Bell otherwise denies Request to Admit No. 2.

**REQUEST TO ADMIT NO. 3**

3. Admit that you did not provide any training related to the LCP requirement of the E-Rate Program to any of your employees prior to January 1, 2012.

**Response:** Subject to and without waving its General Objections, Wisconsin Bell denies Request to Admit No. 3.

**REQUEST TO ADMIT NO. 4**

4. Admit that you had no written practices, procedures, training materials or other documents that communicated information to your employees about the LCP requirement of the E-Rate Program prior to July 1, 2005.

**Response:** Subject to and without waving its General Objections, Wisconsin Bell denies Request to Admit No. 4.

**REQUEST TO ADMIT NO. 5**

5. Admit that you had no written practices, procedures, training materials or other documents that communicated information to your employees about the LCP requirement of the E-Rate Program prior to January 1, 2012.

**Response:** Subject to and without waving its General Objections, Wisconsin Bell denies Request to Admit No. 5.

**REQUEST TO ADMIT NO. 6**

6.   Admit that all documents and forms submitted to USAC, the Universal Service Fund, or the FCC using the SPIN 143001856 were submitted on your behalf and authorized by you.

**Response:** Subject to and without waving its General Objections, Wisconsin Bell admits that its employees were authorized to submit documents to USAC, the Universal Service Fund and the FCC using Wisconsin Bell's SPIN. Wisconsin Bell otherwise denies Request to Admit No. 6.

**REQUEST TO ADMIT NO. 7**

7.   Admit that compliance with the E-Rate Program's LCP requirement is a condition of your reimbursement under the E-Rate Program.

**Response:** Subject to and without waving its General Objections, Wisconsin Bell objects to this Request as it calls for a legal conclusion.

5

Dated: April 11, 2016

Respectfully submitted,

/s/ Michael J. Gill
Robert C. Walters
James C. Ho
Andrew P. LeGrand
Kyle Hawkins
**Gibson, Dunn & Crutcher LLP**
2100 McKinney Avenue, Suite 1100
Dallas, Texas 75201
Telephone: (214) 698-3100
Facsimile: (214) 571-2900
rwalters@gibsondunn.com
jho@gibsondunn.com
alegrand@gibsondunn.com
khawkins@gibsondunn.com

Michael J. Gill
Ethan A. Hastert
Christopher S. Comstock
**Mayer Brown LLP**
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711
mgill@mayerbrown.com
ehastert@mayerbrown.com
ccomstock@mayerbrown.com

*Counsel for Defendant Wisconsin Bell, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of April, 2016, a copy of the foregoing Defendant Wisconsin Bell, Inc.'s Objections and Responses to Plaintiff/Relator's First Set of Requests for Admission was duly served on the following by email and by regular U.S. mail, postage prepaid, to:

Douglas P. Dehler (doug.dehler@wilaw.com)
Joseph D. Newbold (joe.newbold@wilaw.com)
Laura J. Lavey (laura.lavey@wilaw.com)
Christa D. Wittenberg (christa.wittenberg@wilaw.com)

Address:
O'Neil, Cannon, Hollman, DeJong & Laing S.C.
111 East Wisconsin Avenue, Suite 1400
Milwaukee, Wisconsin 53202

/s/ Michael J. Gill
Michael J. Gill

*Counsel for Defendant Wisconsin Bell, Inc.*